## STATE *vs.* MARTHA QUEEN.

Where a State's warrant was issued against several persons, one of whom was not arrested, but went before a Justice of the Peace and entered into a recognizance to appear at a future time, and failed to appear, and the Justice afterwards re-issued said warrant, without any special command endorsed thereon, *held,* That the person who had entered into the recognizance could not be arrested on said warrant That the warrant was *"functus officio,"* and that the officer acting under it, was a trespasser.

The case of *State* v. *Brittain,* 3 Ired. 17, *Murrel* v. *Roberts,* 11 Ired. 424, cited and approved.

This was an indictment for assault and battery, tried before Mitchell, Judge, at Fall Term of Wilkes Superior Court.

The facts of this case are fully stated in the opinion of the Court.

Under instructions from the Court, there was a verdict of guilty. Judgment by the Court, and appeal by the defendant.

*Attorney General* for the State.
*Furches* for the defendant.

BOYDEN, J. In this case a warrant had issued, on the 27th day of October 1870, by W. A. Foster, an acting Justice of the Peace, against the defendant and her two sons and daughter; and one Tedder, the children being minors, charging them with larceny of a cow, the property of one Trensaw.

The warrant was executed on the two sons and Tedder, by a constable, Anderson, but not on the defendant Martha, on account of alleged sickness. On the next day (Nov. 1, 1870,) the warrant was returned, and at the instance of the defendants, was postponed until the 8th day of November, and the defendants who had then been arrested, were put under a re-

# IN THE SUPREME COURT.

·cognizance for appearance on that day, when the defendant Tedder appeared, and the State not being ready for trial, the case was again postponed, until the first Saturday in December, and all the defendants were put under a parol recognizance for their appearance on that day.

On the day appointed, Martha Queen and her daughter, and Joel H. Tedder failed to appear; but David and Sidney Queen appeared, and were bound over to Court, and on the ·20th day of December, the Justice on the book of the warrants made the following entry :

## NORTH CAROLINA—WILKES COUNTY,

*To any lawful officer,* GREETING :

You are hereby commanded as before to take the body of Joel H. Tedder, the defendant named in the written warrant, and bring him before me at my office in Wilkesboro' *instanter*, to answer the charge of the State upon information of larceny, this 20th day of December 1870.

WM. A. FOSTER, J. P.

About the first of April, 1871, the Justice of the Peace placed this same warrant in the hands of the constable Anderson, without any endorsement thereon, to show that the defendant Martha, before that time had been put under a parol recognizance and permitted to depart, but that such had been done, was well known to the constable.

On the 10th of April, the constable Anderson, together with the prosecutor Parker and two other persons, in the night went to the house of the defendant Martha, she being in bed, and called upon her son to get up and strike a light and let them in, which he refused to do.

The prosecutor, then after being refused admittance, attempted to force open the door, and the assault and battery, charged in the indictment was made upon the prosecutor

while he was attempting to force his way into the house of the defendant; so that the case turns upon the validity of the warrant.   If the warrant was still in force, the defendant was guilty, then she had no right to resist his entry into the house.   The State insists that inasmuch as the warrant has no certain day for its return it is still in force.

To this it was replied that the warrant has a certain and definite object, to wit : to bring the parties therein charged, before the Justice that he may deal with them according to law ; and that when the parties charged in the warrant had appeared before the Justice, and he had taken their recognizance, and permitted the defendants to depart the warrant had spent its force and was *functus officio*, and it would seem the justice so considered it, and that when he redelivered it to the constable, it was only for the purpose of arresting the defendant Tedder, as he had renewed the warrant as to him by commanding the constable to re-arrest him, and to bring him forthwith before the justice ; and it would seem that this was the proper course, but upon that we give no opinion further than to say that the Justice could not authorize the arrest of of the defendant by handing the warrant to the constable without some command entered thereon, for the arrest of the defendant.

In the case of the *State* v. *Brittain*, 3 Ire. 17, it is said that after once taking bail. the sheriff on finding the bail to be insufficient, has no right to re-arrest the defendant, and that the defendant in such a case was justified in resisting the arrest.

And it has also been held " that if a sheriff have a *ca sa*, and after payment by the debtor within his knowledge, he (the sheriff) arrest him, it is undoubtedly false imprisonment. Den. on demise of *Murrell* v. *Roberts*, 11 Ire., 424, and is is there said by Chief Justice Ruffin that it is illegal to act on a *fi fa*, after satisfaction to the sheriff and he is a trespasser, if he seize goods afterwards.   And in *Hammett* v. *Wyman*, 2 Mass Rep., it was said that the execution thereby became

*functus officio,* and the sale under it was void, and conveyed no title to the purchaser.

So in our case we think think the warrnt was *functus officio* and that Parker and the others were trespassess, and that the defendant had a right to resist their entry into her dwelling.

There is error.

PER CURIAM.                              *Venire de novo.*